FILED
2009 Jun-09 PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **LINDA J. RODEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:08-CV-815-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**MEMORANDUM OPINION**

Plaintiff Linda J. Roden (hereinafter "Ms. Roden") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Ms. Roden timely pursued and exhausted her administrative remedies available before the Commissioner. The case

[1]In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statues or regulations found in quoted court decisions.

is ripe for review pursuant to 42 U.S.C. § 405(g)[2] of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Roden was a 57-year-old female at the time of her hearing before an administrative law judge (hereinafter "ALJ"). (Tr. 34). She has a high school diploma. (Tr. 35). Her past work experiences include clerical and accounting duties. (Tr. 35, 36). Ms. Roden claims she became disabled beginning on July 1, 2006, due to back, shoulder, neck and head pain, and inability to use her right hand. (Doc. 10 at 8). Ms. Roden's last period of full-time employment ended in May 2005. (Tr. 36). She had worked 19 hours a week for the ten months prior to the ALJ hearing. (Tr. 34-35).

On March 27, 2006, Ms. Roden filed her application for a period of DIB. (Tr. 12). She also filed an application for SSI on March 27, 2006. *Id.* The SSI application was denied because Ms. Roden did not meet the non-disability eligibility requirements as she was found to have income in excess of the allowable limit. *Id.* Ms. Roden's DIB claim was denied May 19, 2006. *Id.*

Ms. Roden filed a timely written request for a hearing on May 25, 2006. *Id.* In June 2006, Ms. Roden filed a new SSI claim which proceeded to the hearing level.

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

*Id.* A video hearing was held on September 25, 2007. *Id.* The ALJ concluded that Ms. Roden has not been under a disability and denied her application for DIB and SSI on November 20, 2007. (Tr. 22). The court has carefully considered the record and affirms the decision of the ALJ.

**STANDARD OF REVIEW**

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

**STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the

Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 10, 2009.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote,* 67 F.3d at 1559.

**FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Roden meets the insured status requirements of the Social Security Act through March 31, 2001. (Tr. 14). He also found that Ms. Roden has not engaged in substantial gainful activity since the amended alleged onset of her disability on July 1, 2006. *Id*. The ALJ found that Ms. Roden's combination of right wrist drop, mild carpal tunnel on her right wrist and headaches reach the level of severe impairment. (Tr. 15). The ALJ then held that the medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (Tr. 16).

The ALJ concluded that Ms. Roden has the residual functional capacity to perform light work except she should not work at unprotected heights or around dangerous, moving, and unguarded machinery. (Tr. 16). The ALJ further found that Ms. Roden is capable of performing past relevant work as a general clerk and as an accounting clerk. (Tr. 21 ("This [type of] work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.")).

The ALJ concluded that Ms. Roden was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 22). Further, based on her application for SSI, Ms. Roden was not disabled under § 1614(a)(3)(A) of the Social Security Act. *Id*.

**ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980)).[4]

Ms. Roden asserts that "the ALJ's decision is not supported by substantial evidence as the ALJ did not properly apply the Eleventh Circuit Pain Standard." (Doc. 10 at 5). Ms. Roden further argues that the ALJ failed to consider the actual facts surrounding her employment and that the ALJ did not consider her treatment history in accordance with Social Security Ruling 96-7p. (Doc. 10 at 6, 11). Ms. Roden also argues that her conditions have worsened over time. (Doc. 10 at 11). In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standard.

**THE ALJ APPLIED THE CORRECT LEGAL STANDARD.**[5]

Ms. Roden claims that the ALJ applied an improper legal standard in reaching his decision, specifically because he incorrectly applied the Eleventh Circuit pain standard. (Doc. 10 at 5). The proper legal standard for determining whether a claimant is disabled is set forth above in this opinion. (*See* Statutory and Regulatory Framework, 20 C.F.R. §404.1520(a)(4)(i-v) five-step process).

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] The court notes that the following overall framework and analysis was used in *Malone v. Astrue*, No.: 5:07-CV-2351-VEH (Doc. 11) (N.D. Ala. Jul. 24, 2008). However, the court reached a different result in *Malone* and remanded the case. (Doc. 10).

Ms. Roden argues she meets the Eleventh Circuit's pain standard and that the ALJ's contrary decision is not supported by substantial evidence. (Doc. 10 at 5). The court disagrees. More specifically, the ALJ's decision that she does not meet the pain standard is based on an adequate negative credibility finding of Ms. Roden's subjective pain testimony.

The pain standard "applies when a disability claimant attempts to establish a disability through [her] own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In order to assess subjective complaints of pain and other symptoms Ms. Roden must prove ". . . evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (citing *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985)). A claimant's statements about pain or other symptoms do not alone establish disability. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Instead, medical signs and laboratory findings must depict medical impairments that could reasonably be expected to produce the claimant's alleged symptoms. *See id.*; *see also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551 (11th Cir. 1986)).

Relatedly, the ALJ may decide not to credit such testimony from a claimant, provided the testimony is discredited expressly and with the articulation of explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

Furthermore, the ALJ may not reject the claimant's statements as to the intensity and persistence "solely because the available objective medical evidence does not substantiate [a claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p.[6] Instead, the ALJ is bound to consider other evidence, in addition to the objective medical evidence, because "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." 20 C.F.R. § 404.1529(c)(3). This "other evidence" includes statements made by the claimant in testimony during administrative hearings concerning the claimant's restrictions, daily activities, frequency and intensity of symptoms, any precipitating and aggravating factors, medication taken and any resulting side effects, and any other measures taken to alleviate the symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3) and 416.912(b)(3). Using these "other evidence" factors, the ALJ must show substantial

[6]Although they lack the force of regulations, Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); *see also McCloud v. Barnhart*, 166 Fed. Appx. 410 (11th Cir. 2006), 2006 WL 177576 (citing SSR 96-6p as authoritative, for example).

evidence supporting his attempt to discredit the claimant's pain testimony. *Id.*

**Roden's Subjective Pain Testimony**

During her hearing before the ALJ, Ms. Roden gave detailed testimony about her pain and related limitations. For example, she testified that her daily back pain rises to a 7-8/10 with physical activity. (Tr. 39). Ms. Roden indicated that on days she is not working, she spends most of her day lying on a heating pad. (Tr. 40). Ms. Roden stated that she can only stand for 45 minutes to an hour before needing to sit down and can only sit for an hour or two before needing to get up. (Tr. 38). Ms. Roden further testified that she sometimes has trouble lifting a gallon of milk because of her back. (Tr. 37). Ms. Roden complained of neck and shoulder pain due to a motor vehicle accident that occurred over 30 years ago. (Doc. 10 at 9).

Ms. Roden indicated that her right wrist is painful if she lifts objects with it and that she "can't use it for very much of anything." (Tr. 39). She also stated that she is unable to write or type with her right hand, which is her dominant hand, and that she wears a wrist brace everyday both to work in and sleep. *Id*.

Ms. Roden stated that she has headaches "all day, every day." *Id*. Her headaches are not "severe, severe" headaches, just dull headaches that persist throughout the day. *Id*. Ms. Roden further "testified that the pain from her headaches

affects her concentration and her pain rises to a 7-8 without medication." (Doc. 10 at 8; Tr. 38). Ms. Roden also shared that she self-medicates her headaches with Stanback powder every two or three hours. (Tr. 39).

**The ALJ Articulated Adequate Reasons for Discrediting Roden's Testimony**

The ALJ articulated several reasons to discredit Ms. Roden's subjective pain testimony and related limitations in regard to her disabling back and neck pain and the worsening of her conditions. The ALJ expressly articulated each basis upon which he relied and, as explained more fully below, the court agrees that these reasons are adequate to discredit Ms. Roden's subjective complaints and that they provide substantial evidence to deny her DIB and SSI claims.

**First Reason: Daily Activities**

The first reason the ALJ articulated to discredit Ms. Roden's subjective pain testimony is her wide range of daily activities. Ms. Roden filled out a Physical Activities Questionnaire[7] in May 2005 in which she replied that "she sweeps, dusts, makes her bed, cooks on holidays, cleans her oven, washes dishes and silverware,

[7]The court notes that the Physical Activities Questionnaire was completed prior to Ms. Roden's amended alleged disability onset date, but there is nothing in the record that would indicate that Ms. Roden's daily physical capabilities have significantly changed. (Tr. 99-106). In fact, as discussed *infra,* during a subsequent disability examination that occurred about one year later, Ms. Roden listed many of the same daily activities to Dr. Gill. (Tr. 204).

drives, buys groceries weekly, runs errands, pays bills, gases up her truck, goes to the laundromat (carry light laundry), carries out the garbage, scrubs the bathtub and toilet, and uses a typewriter." (Tr. 19, 99-106). She "does small repairs such as changing lightbulbs and using a screwdriver to tighten screws," works in the her garden, rakes and sweeps her sidewalk. *Id*. Ms. Roden "washes her hair and cares for her personal needs such as bathing, showering, dressing, and shaving without any assistance." *Id*. Ms. Roden also "reported she can continuously stand for one hour, continuously walk for one hour, and continuously sit for two hours." *Id*. Ms. Roden "performs most activities for 30 minutes to an hour before she needs a break." *Id*.

Based upon Ms. Roden's self-reported physical activities, the ALJ concluded that she has "good spinal functioning and good bilateral upper and lower extremity use [which] are consistent with the ability to sit[,] stand, and walk for prolonged periods." (Tr. 19). The ALJ also determined that she has "good use of her hands for reaching, pushing, pulling, handling, lifting, and carrying; good use of both legs for alternating and repetitive movements; and good spinal motion and use." *Id*.

The court "must scrutinize the record in its entirety to determine the reasonableness of the Secretary's actual findings." *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). Examining the entire record, there is no objective evidence or subjective evidence such as testimony from Ms. Roden during the hearing showing

that her conditions have worsened since April 2006. Ms. Roden even listed many of the same activities that she listed on the Physical Activities Questionnaire to Dr. Gill upon her May 2006 disability examination. (Tr. 99-106, 204). These included cleaning, cooking, laundry, dishwashing, driving, going to the store, bathing, and dressing. (Tr. 204). The ALJ found that Ms. Roden "still retains the ability to function as she has described." (Tr. 19). The ALJ's decision to discredit Ms. Roden's subjective testimony is therefore supported by substantial evidence.

**Second Reason: Ability to Obtain and Maintain Employment**

The second reason the ALJ articulated to discredit Ms. Roden's subjective pain testimony is that her statements about being unable to use her right hand "are not consistent with her ability to successfully maintain employment for over the past year as a receptionist, janitor, dishwasher[,] and computer operator." (Tr. 19). The ALJ further noted that Ms. Roden "has been working at the Morgan County Archives answering telephones and doing computer work for the past 10 months and prior to that she performed janitorial and dishwashing work for two to three months." *Id.* The ALJ also relied upon Dr. Norwood's conclusion that Ms. Roden did not have any limitations with the use of her hands in May of 2005. (Tr. 20).

In her brief, Ms. Roden states that she had special consideration for performing

her work at her current job and argues that the ALJ did not "give weight to the actual facts surrounding her 'employment.'" (Doc. 10 at 11). The ALJ did consider these facts and pointed out in his decision that her testimony is unsupported by any documents in the record. (Tr. 21). As the ALJ reasoned, "[t]he fact that the impairments did not prevent the claimant from working prior to the alleged onset date strongly suggest that it would not currently prevent work." (Tr. 20).

Ms. Roden testified that she last worked full time in May 2005. (Tr. 36). However, the ALJ noted "there is no evidence of a significant deterioration of the claimant's medical condition at that time or thereafter." (Tr. 20). The ALJ then inferred that Ms. Roden's impairments were not preventing her from performing her job adequately at the time of termination so it would not prevent her from obtaining similar work. *Id*. Accordingly, the ALJ's decision to discredit Ms. Roden is supported by substantial evidence.

**Third Reason: Lack of Seeking Medical Treatment**

The third reason the ALJ articulated to discredit Ms. Roden's subjective pain testimony is her lack of seeking medical treatment. Ms. Roden argues on appeal that "[t]he ALJ did not properly consider the Plaintiff's treatment history in accordance with Social Security Ruling 96-7p." (Doc 10 at 6). Ms. Roden cites Social Security

Ruling 96-7p which provides that:

> the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *7. However, the ALJ did note that "there is no indication in the record that the claimant has sought government subsidized health care or care at any other medical facility and has been turned down due to financial reasons." (Tr. 20). Further, as the ALJ pointed out, Ms. Roden only sought medical treatment from free clinics a few times[8] despite "testimony that she receives regular monthly treatment at a local free clinic." (Tr. 20, 222- 230). There were no visits in 2006, and Ms. Roden only went to a free clinic twice in 2007, once in July and once in September. *Id*. Both of these visits were for complaints other than her alleged disabling conditions including head, neck, shoulder, back and wrist pain. *Id*.

---

[8]The court notes that the record shows Ms. Roden also attended a free clinic in September and October of 2005 for subjective complaints of abdominal pain, pain in her right wrist and arthritis. (Tr. 198-199). However, this still does not establish that Ms. Roden has sought monthly treatment from free clinics as she testified and the ALJ's reasoning for disbelieving Ms. Roden remains persuasive.

The ALJ further noted that Ms. Roden has failed to undergo physical therapy, which was recommended to her by both Dr. Norwood and Dr. Sims to improve the dexterity of her right wrist. (Tr. 17, 18). Dr. Norwood even suggested a wrist split for Ms. Roden's right wrist, which she declined. (Tr. 17). Under such circumstances, substantial evidence supports the ALJ's conclusion that "the claimant's severe impairments are not as limiting or symptomatic as she has alleged." (Tr. 20).

**Fourth Reason: Failure to Seek Refills for Medication**

The fourth reason the ALJ articulated for discrediting Ms. Roden's testimony is that she "provided inconsistent information regarding her medications to the consultative examiner." (Tr. 20). Ms. Roden reported to Dr. Gill that "she was currently taking one or two Fioricet tablets every four hours as needed and Darvocet N 100, one tablet as needed." *Id*. The ALJ noted that she has gone lengthy periods of time before even attempting to refill these medications.[9] *Id*. This court determines that this type of inconsistency provides substantial evidence for the ALJ to conclude that Ms. Roden "was less than truthful and was possibly seeking to portray her headaches as being more severe than the objective evidence shows." *Id*. Alternatively, even if each individual reason articulated by the ALJ to discredit Ms.

[9]For example, the record shows that she only sought these medications one time, and there is no other evidence on the record that Ms. Roden was ever prescribed these medications. (Tr. 220).

Roden is not independently sufficient, the totality of these reasons more than adequately satisfy the substantial evidence and Eleventh Circuit pain standards.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, this court finds that the Commissioner's final decision is supported by substantial evidence and the Commissioner applied the proper legal standard. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 9th day of June, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge